IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DEYONTAE CORNAIL STINSON,

                Plaintiff,

v.                                                         ORDER

THEODORE ANDERSON and                            23-cv-337-jdp
SAMANTHA RIVERA,

                Defendants.

---

    Plaintiff Deyontae Stinson, proceeding without counsel, brings excessive force claims against defendants for unnecessarily spraying him with OC gas. Stinson filed a motion to compel discovery and to sanction defendants.

    Stinson's motion to compel concerns his request for body camera footage of the incident. Stinson requested this footage in a discovery request dated January 24, 2024, and postmarked February 1. Dkt. 18-1. Stinson followed up with a letter on February 24 asking defendants' counsel to respond to his discovery requests. Dkt. 16-3. Defendants responded to Stinson's requests on March 7. The relevant response was:

> 14. Defendant Anderson, did any Correctional Officer video record the incident with inmate Stinson and inmate James Washington when the O.C. gas was used, if this answer is set forth by any electronically stored video produce for inspection.
>
> RESPONSE: See DOC 58, Defendant Anderson's March 28, 2020, BWC footage.

Dkt. 18-4, at 5.

    Defendants' response referred to the wrong document. DOC 58 was a written report of the incident, not Anderson's body camera footage. Dkt. 18-4, at 42–44. On March 17, Stinson

sent a letter to defendants' counsel informing them of this problem. Dkt. 17-1. Four days later, defendants' counsel corrected the problem in a supplemental response:

> 14. Defendant Anderson, did any Correctional Officer video record the incident with inmate Stinson and inmate James Washington when the O.C. gas was used, if this answer is set forth by any electronically stored video produce for inspection.
>
> RESPONSE: See DOC 58, Defendant Anderson's March 28, 2020, BWC footage.
>
> SUPPLEMENTAL RESPONSE: Plaintiff may make an appointment with GBCI Litigation Coordinator Denielle Larie to view DOC 138, the March 28, 2020 hallway footage, parts 1 and 3-13 and DOC 139, Defendant Anderson's March 28, 2020, BWC footage. Plaintiff may take notes but may not keep a copy of the videos.

Defendants made the body camera footage available to Stinson, so I will deny his motion to compel as moot.

One additional point: defendants note in their response brief that they are "still searching for any additional relevant video." Dkt. 18, at 3. Given the crucial role that video evidence often plays in these types of lawsuits, I will direct defendants to perform another search of its archives and submit to the court and make available to Stinson (1) all the videos it has from the incident at issue; (2) a copy of the department's bodycam retention policy; and (3) declarations detailing the efforts undertaken by staff to retrieve the bodycam footage for the incident at issue and explaining why any particular officer's bodycam footage is not available. Defendants have until June 28, 2024, to provide this information. If, after receiving this information, Stinson believes that defendants have not produced all the body camera footage he requested, he may renew his motion to compel.

Stinson also moves the court to sanction defendants or their counsel for conducting discovery in bad faith. I will deny that motion. Defendants' initial response to Stinson's request

for body camera footage was mistaken, but when Stinson informed them of the problem, they corrected it within days. Stinson has no evidence that defendants' initial incorrect response was bad faith rather than an honest mistake.

ORDER

IT IS ORDERED that:

1. Plaintiff's motion to compel, Dkt. 15, is DENIED as moot.

2. Plaintiff's motion for sanctions, Dkt. 15, is DENIED.

3. Defendants have until June 28, 2024, to respond to this order as discussed above.

Entered May 30, 2024.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge