IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DEYONTAE CORNAIL STINSON,

                      Plaintiff,

v.

THEODORE ANDERSON and SAMANTHA RIVERA,

                      Defendants.

OPINION and ORDER

23-cv-337-jdp

---

Plaintiff Deyontae Stinson, proceeding without counsel, brings multiple claims against defendants for unnecessarily spraying him with OC gas when they extracted his cellmate from their shared cell at Columbia Correctional Institution. This order concerns Stinson's request for video footage of the incident.

The court previously denied Stinson's motion to compel production of that footage because prison officials ultimately complied with Stinson's discovery requests by making defendant Theodore Anderson's bodycam footage, as well as hallway footage, available for Stinson to view. Dkt. 22. Because defendants also stated that they were "still searching for any additional relevant video," Dkt. 18, at 3, the court directed defendants to perform another search of the institution's archives and submit to the court and make available to Stinson (1) all the videos it has from the incident; (2) a copy of the department's bodycam retention policy; and (3) declarations detailing the efforts undertaken by staff to retrieve the bodycam footage for the incident and explaining why any particular officer's bodycam footage is not available. Dkt. 22, at 2. The court also stated that Stinson could renew his motion to compel if he still believed that defendants have not produced all the body camera footage he requested. *Id.*

Stinson now renews his motion to compel, stating that defendants have not complied with the court's order. Dkt. 31. He also seeks footage from defendant Anderson's bodycam immediately following the incident showing a conversation between him and Anderson in the dayroom and asks for $25,000 in sanctions so that he can retain an expert to recover the footage for him. *Id.*

I will deny this motion because Stinson doesn't show that defendants failed to comply with the court's previous order or otherwise withheld footage from him. Defendants responded to the previous order with a copy of the DOC bodycam retention policy and a declaration from a prison litigation coordinator explaining the steps that she took to search for additional video of the incident and why she believed that there was no additional preserved bodycam footage from other officers at the scene of the incident. Dkt. 26 and Dkt. 26-1. This satisfies the court's order. Because it is unclear whether Stinson is saying that he has not seen defendants' response to the court's order, I will direct the clerk of court to send another copy of the response to him.

As for Stinson's request for footage of a conversation between him and defendant Anderson, defendants respond that there is no such footage, and I take them to be saying that there was no such conversation with Stinson immediately following the incident because Anderson helped escort Stinson's roommate to disciplinary segregation. The bodycam footage provided by defendants, *see* Dkt. 27 (placeholder entry for the bodycam footage provided to the court), confirms that Anderson escorted Stinson's cellmate rather than head to the dayroom to speak with Stinson. If Stinson means that this conversation happened sometime later after the incident or was with a different staff member, he should make a separate discovery request for that conversation. He has not shown that defendants have failed to comply with his

discovery request regarding video footage of the incident itself or that defendants should be sanctioned.

Apart from the motion practice discussed above, defendants have filed a motion to extend the September 27, 2024 dispositive motions deadline by a month because the parties have not yet agreed on the scope of Stinson's authorization to release medical records and because of heavy workloads at the Wisconsin Department of Justice. Dkt. 34. I will grant that motion.

ORDER

IT IS ORDERED that:

1. Plaintiff Deyontae Stinson's renewed motion to compel and for sanctions, Dkt. 31, is DENIED.

2. The clerk of court is directed to send plaintiff copies of Dkt. 25 and Dkt. 26.

3. Defendants' motion for extension of the dispositive motions deadline, Dkt. 34, is GRANTED. That new deadline is October 28, 2024.

Entered this 9th day of October 2024.

BY THE COURT:

/s/

_____
ANITA MARIE BOOR
Magistrate Judge