IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DEYONTAE CORNAIL STINSON,

                Plaintiff,

v.                                                          OPINION and ORDER

THEODORE ANDERSON and                              23-cv-337-jdp
SAMANTHA RIVERA,

                Defendants.

---

Plaintiff Deyontae Stinson, proceeding without counsel, is suing correctional officers at Columbia Correctional Institution for unnecessarily spraying him with OC gas, which exacerbated his asthma symptoms. The parties have filed multiple motions concerning discovery and witnesses.

First, Stinson filed a document titled "Request for a Stipulation on Non-Retained Expert and Disclosure of Medical Information," Dkt. 38. In this document, Stinson proposes limits on the testimony that defendants' witnesses can provide and asks the defendants to either stipulate to these limits or to "state in writing . . . if they object." *Id.* at 8. Defendants do not agree to the proposed limits. Dkt. 39, at 4–5. If Stinson is asking the court to rule on what testimony defendants' witnesses may provide, I will deny that motion without prejudice. Discovery is not complete, and it is not yet clear what issues will remain for trial, so it is too early to tell what evidence will be admissible. Stinson may renew his arguments about the admissibility of defendants' evidence later, in his summary judgment briefing or before trial.

Second, Stinson filed a request for the clerk of court to issue a subpoena form, Dkt. 42. I will deny Stinson's motion because he doesn't say who he intends to subpoena or why, nor

has he indicated that he is prepared to pay the required witness fees and mileage reimbursement. See Fed. R. Civ. Proc. 45(b)(1).

Third, Stinson objects to the magistrate judge's order denying Stinson's motion to compel production of additional bodycam footage. Dkt. 45. Objections to a magistrate judge's order on a non-dispositive issue must be filed within 14 days of service, Fed. R. Civ. Proc. 72(a), so Stinson's objection is untimely. And even if Stinson had filed a timely objection, I would deny it. Stinson's discovery request asked for video footage of the OC gas incident. Dkt. 16-1. In response, defendants produced footage from the hallway and footage from defendant Anderson's bodycam. Stinson says that he and Anderson had a conversation while Stinson was receiving medical treatment, and that footage of that conversation is missing. But as the magistrate judge concluded, there is no evidence that Anderson had a conversation with Stinson during the OC gas incident. In fact, the bodycam footage shows that Anderson left the scene with Stinson's cellmate, so Anderson could not have had a conversation with Stinson immediately after the incident. Stinson may be referring to a conversation with Anderson that occurred later, but if so, footage of that conversation would not be responsive to Stinson's discovery request, which asked only for footage of the OC gas incident itself. As the magistrate judge told Stinson, if he wants footage of a conversation that occurred at a different time, then he needs to make a separate discovery request for that conversation.

Fourth, defendants move to either dismiss the case or to compel Stinson to sign a medical records authorization form. Defendants say that they asked Stinson to sign the authorization multiple times, but Stinson refused. In response, Stinson says two things that conflict with each other. First, he says that he shouldn't have to sign the authorization because defendants failed to produce bodycam footage as detailed above. Second, he says that he did

2

sign the authorization on October 29, 2024. However, Stinson didn't attach a copy of the signed authorization or provide any other proof that he signed it. He cites Dkt. 40-3 as proof, but that document doesn't prove that he signed the authorization. On the contrary, it is a letter from defendants about Stinson's refusal to sign the authorization.

Stinson may not withhold his signature because defendants haven't produced bodycam footage. As explained above, there is no evidence that defendants withheld bodycam footage. And even if they did, Stinson's remedy would be a motion to compel, not withholding his own discoverable evidence.

Stinson will have to turn over relevant medical records if he wishes to proceed with this case, but I won't issue an order compelling him to do so. If Stinson would rather maintain the privacy of his medical information, he is free to do that. But it would also be unfair to defendants to defend against Stinson's claims without access to relevant medical information. Stinson must choose to either share relevant medical information with defendants or have the case dismissed.

But the key word is relevant. Stinson doesn't have to sign an unreasonably broad authorization allowing for access to medical information unlikely to be relevant. Defendants have not provided the court with a copy of the medical authorization, but I am aware from previous cases that the DOC's standard medical authorization form often asks for a plaintiff's entire DOC medical file, including psychological and psychiatric records, alcohol and drug treatment records, and HIV or AIDS test results. Defendants have not argued that they need access to such a broad range of information, and I can see no reason why such information would be relevant to Stinson's claims.

I will give the parties until November 27 to reach a negotiated agreement about the scope of the medical authorization and for Stinson to sign a reasonable medical authorization form. Defendants have until that date to either inform the court that they have obtained a medical authorization or to renew their motion to dismiss.

ORDER

IT IS ORDERED that:

1. Plaintiff's request for a stipulation on expert witnesses, Dkt. 38, is DENIED without prejudice.

2. Plaintiff's request for a subpoena form, Dkt. 42, is DENIED.

3. Plaintiff's objection to the magistrate judge's order denying his motion to compel, Dkt. 45, is DENIED.

4. Defendants' motion to dismiss, Dkt. 39, is DENIED without prejudice. Defendants have until November 27, 2024, to either inform the court that they have obtained a medical authorization or to renew their motion to dismiss.

Entered November 20, 2024.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge